Aug. 10,
1876.} PIERCE *v.* THE COUNTY OF HILLSBOROUGH.

A complainant, who causes a prosecution for a violation of the law prohibiting the sale of spirituous liquor to be instituted and carried on without any expense to the county or state, is entitled to one half the fine collected through such prosecution, notwithstanding the fact that witnesses, summoned by the solicitor at the expense of the county to testify in other cases, testified also before the grand jury in the case upon which the private prosecutor's complaint was founded.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, to recover the sum of $50 and interest thereon from the date of the writ, being one half of a fine paid by one Lovering into the county treasury, on an indictment for keeping liquors for sale in violation of law, the plaintiff claiming to be the complainant. The evidence tended to show that the plaintiff summoned some witnesses before the grand jury to testify against Lovering, and that they did so testify; that he also made complaint to the solicitor against Lovering and others, and that the solicitor, at the expense of the county, summoned witnesses to testify against the persons against whom the plaintiff made complaints; that at the time when the indictment was found, the wit-

nesses summoned by the solicitor and those summoned by the plaintiff all appeared and testified, and there was no evidence tending to show whether the indictment was found on the testimony of the witnesses summoned by either, or on that of the witnesses summoned by both.

The evidence also tended to show that the plaintiff went before the grand jury at the time the indictment was found, and took with him the witnesses whom he had summoned and paid, and also some of the witnesses whom the solicitor had summoned at the expense of the county.

The court instructed the jury, among other things, " that carrying on a prosecution, in the sense of the statute, does not mean less than carrying it on without expense to the county, so far as the production of witnesses is concerned ; that if a man wants to be a complainant in a prosecution against an individual for the violation of the law against the sale of spirituous liquors, it is necessary that he should be so without expense to the county,—that is, that he should summon the witnesses himself ; that he should pay them out of his own pocket,—and then, if an indictment is found upon their testimony, he is entitled to one half of the fine, but if the burden is in any degree borne or shared by the county, then he is not the complainant within the meaning of the statute ; " " that the statute does not give half the fines to complainants who cause prosecutions to be carried on wholly or partly on the testimony of witnesses produced at the expense or on the credit of the county ; that a complainant who does not produce, or cause to be produced, without expense or risk to the county, the testimony on which a fine is obtained, is not entitled to half the fine, because he does not carry on the prosecution."

The court also instructed the jury " that if the witnesses summoned in any other case by the solicitor testified in this case, or if the indictment in the case of Lovering was not found wholly upon the testimony of the witnesses which the plaintiff produced, the plaintiff is not entitled to recover." The court also read the instructions given to the jury at the former trial of this case by the presiding justice at that trial, and which are contained in the printed case reserved at that time.

To the foregoing instructions the plaintiff excepted, and the jury having returned a verdict for the defendant, the plaintiff moved to set the same aside, and for a new trial for supposed error in the foregoing instructions; which motion the court denied, and the plaintiff excepted, and tendered his bill of exceptions, which was allowed, by STANLEY, J., C. C.

*Pierce, pro se.*

*Barrett, solicitor*, for the State.

*FOSTER, C. J., C. C. The statute upon which this action is based

---

* SMITH, J., did not sit.

is as follows : " The selectmen of every town shall prosecute, at the expense of the town, every person guilty of a violation of any previous section of this chapter, of which they can obtain reasonable proof; but this provision shall not be construed to prevent any person from making complaint and instituting and carrying on prosecutions for such offences ; and such complainant [whether a town or city, by its officers or an individual] shall be entitled to one half of every fine collected through such prosecution." Gen. Stats., ch. 99, sec. 21, as amended by Laws of 1870, ch. 3, sec. 7.

The court instructed the jury " that carrying on a prosecution, in the sense of the statute, does not mean less than carrying it on without expense to the county, so far as the production of witnesses is concerned ; that if a man wants to be a complainant in a prosecution against an individual for the violation of the law against the sale of spirituous liquors, it is necessary that he should be so without expense to the county,—that is, that he should summon the witnesses himself; that he should pay them out of his own pocket,—and then, if an indictment is found upon their testimony, he is entitled to one half of the fine, but if the burden is in any degree borne or shared by the county, then he is not the complainant within the meaning of the statute ; " " that the statute does not give half the fines to complainants who cause prosecutions to be carried on wholly or partly on the testimony of witnesses produced at the expense or on the credit of the county ; that a complainant who does not produce, or cause to be produced, without expense or risk to the county, the testimony on which a fine is obtained, is not entitled to half the fine, because he does not carry on the prosecution."

These instructions are the same, substantially, which were expressed upon a previous trial of this cause, and which were considered, upon the plaintiff's exception thereto, by the supreme judicial court. I concurred in the judgment and opinion therein pronounced, the court declaring that the instructions were sufficiently favorable to the plaintiff, and holding that " a complainant who causes a prosecution for a violation of the law prohibiting the sale of spirituous liquors, to be carried on wholly or partly on the testimony of witnesses produced at the expense of the county, is not entitled to half of the fine which may be imposed."

I remain of the same opinion, entertaining no doubt of the correctness of the views expressed or the result attained by the court. 54 N. H. 433.

But upon the trial in the circuit court of the case now before us, the presiding judge went further, and instructed the jury " that if the witnesses summoned in any other case by the solicitor testified in this case, or if the indictment in the case of Lovering was not found wholly upon the testimony of the witnesses whom the plaintiff produced, the plaintiff is not entitled to recover."

I am unable to indorse these views. It does not appear from the case, nor from the stenographer's report of the trial, which, by amend-

ment, is made a part of the case, that the county was put to any expense or risk, so far as the production of witnesses or the carrying on of the prosecution against Lovering was concerned.

The plaintiff summoned witnesses to testify before the grand jury against Lovering, and they did so testify. He also made complaint to the solicitor against Lovering and others, and the solicitor, at the expense of the county, summoned witnesses to testify against the persons against whom the plaintiff had made complaint, and there was no evidence tending to show whether the indictment against Lovering was found on the testimony of the witnesses summoned by either, or on that of the witnesses summoned by both.

But if it does not sufficiently appear from the case, yet it is conceded in the argument to which we have listened, that the solicitor did not summons any witnesses to testify exclusively against Lovering, and that all the witnesses summoned at the expense of the county received all their fees in other cases, and their fees were not taxed against the State, in the indictment against Lovering, out of which the present suit has originated.

If the witnesses summoned by the State in other cases, and receiving their full legal fees in other cases, were loaned by the solicitor, so to speak, to the plaintiff, or permitted to be used by him, or if they volunteered to testify without compensation in the complaint before the grand jury prosecuted by the plaintiff against Lovering, or to testify, at any rate, without expense to the state or the county, the county has sustained no part of the burden or risk of the expense of the prosecution, and the plaintiff stands in the position contemplated by the statute,—instituting and carrying on the prosecution at his own expense. He procured some witnesses: the county incurred no expense, and the condition of the statute has been fulfilled.

The court, in my opinion, expressed the true construction of the law, in accordance with its policy and intent, when it declared " that the only construction which can properly be given to the statute under consideration is, that neither a town or city nor an individual shall be entitled to recover in cases where the witnesses for the prosecution were wholly or partly produced at the expense or on the credit of the county." 54 N. H. 436. But, on the other hand, the law-makers intended by means of this statute to aid in the suppression of enormous evils by encouraging and rewarding those who, at their own expense and risk, should aid in the enforcement of the law. The statute was not intended to encourage officious and intemperate zeal in this direction, and therefore it provided a check upon imprudent and ill-considered prosecutions, by casting the burden of costs upon individual prosecutors in every case of a failure to obtain the conviction of the party prosecuted. This, however, is not the place nor the occasion to discuss the merits or the expediency of the law.

In the case before us, the witnesses for the prosecution having been neither " wholly nor partly produced at the expense or on the credit of the county," the prosecution cannot be said to have been any the less

instituted and carried on at the expense of an individual, because, in fact, witnesses summoned in other cases by the solicitor testified without compensation in this case, and so the indictment may not have been found *wholly* upon the testimony of the witnesses whom the plaintiff produced.

The instructions in this respect were erroneous, and since they manifestly may have controlled the finding of the jury, the verdict should be set aside and a new trial granted.

CUSHING, C. J., and LADD, J., concurred.

*A new trial granted.*