WEBSTER & *a. v.* HALL & *a.*

When a bill of interpleader is necessary to determine conflicting claims of creditors, it may be maintained by one of the creditors as well as by the debtor.

Such a bill may be maintained to determine conflicting claims against a county for one half of a fine to which a person is entitled who makes complaint, and institutes and carries on a prosecution, for a violation of the liquor law.

Several persons may be jointly entitled to such moiety; and it may be divided among them according to their legal agreement, by a decree on such a bill.

. BILL IN EQUITY, by Webster and Drake, against Hall and the county of Hillsborough. Facts found by a referee. In pursuance of an agreement between the plaintiffs and Hall jointly to institute and carry on prosecutions for violations of the liquor law, Hall made complaints, and the plaintiffs testified before the grand jury. Ten indictments were found, and ten fines were paid to the county. By their agreement, Hall was to have one fifth, and the plaintiffs two fifths each, of the moieties. The plaintiffs claim two fifths each, and Hall claims the whole.

*Atherton*, for the plaintiffs.

*French*, for Hall.

*Burns*, solicitor, for the county.

DOE, C. J. This bill, being necessary for the protection of the county, could be maintained by the county as a bill of interpleader. And being a reasonably necessary process for conveniently and economically ascertaining and establishing the plaintiffs' rights and furnishing their remedy, it may be maintained by them. *Metcalf* v. *Gilmore*, 59 N. H. 417, 434. The just adjudication of their claim requires a suit in which Hall will be bound by the judgment. And as the county should not be harassed by more than one suit for the settlement of the conflicting claims of the plaintiffs and

Hall, so the plaintiffs should not be compelled to prosecute their claim against the county alone, and to prosecute the same claim in a bill of interpleader brought by the county against the plaintiffs and Hall. And it is immaterial by which of the interested parties this necessary suit is brought.

Any person or town making complaint, and instituting and carrying on a prosecution, for a violation of the liquor law, is entitled to one half of a fine collected through such prosecution. G. L., c. 109, s. 27. In this case, the application of the general rule of statutory construction, that words importing the singular number extend to several persons or things, is consistent with the intent of the legislature. G. L., c. 1, ss. 1, 3. A complaint may be made before the grand jury, and a prosecution may be instituted and carried on, by the joint and legal action of several persons. The agreement of the plaintiffs and Hall was, not to violate any law, but to cause a certain law to be lawfully enforced. One half of the fine is offered as a reward for the prosecutor. And neither the letter nor the reason of the law prohibits a combination of persons for the purpose of gaining the reward by doing that which the offer of reward is intended to induce anybody to do.

In form, the plaintiffs did not make the complaints: in substance, Hall alone did not furnish the evidence necessary for instituting and carrying on the prosecutions. If the plaintiffs earned no part of the reward by furnishing the evidence, Hall earned no part by making the complaints. *Pierce* v. *County*, 54 N. H. 433; *Pierce* v. *County*, 57 N. H. 324. Each performed the part assigned him by their agreement, with an understanding that all were joint prosecutors. If the plaintiffs, by concealing the fact that they were joint principals, had caused the reward to be paid to Hall as the sole apparent principal, they would have been estopped to claim of the county what they had thus induced the county to pay to Hall. But the joint character of the business being disclosed, the claim of the plaintiffs is as good as that of Hall. At the trial term there will be a decree for the payment of the whole reward to the clerk, and a division of it among the claimants according to their agreement.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.