## TASKER *v.* LORD *& a.*

A bill in equity may be maintained where the same is a reasonably necessary process, and convenient procedure, for speedily and economically establishing the plaintiff's rights.

A declaration in trespass may be filed as an amendment to a bill in equity.

BILL IN EQUITY, alleging that before February 27, 1885, one Slack made several successive mortgages of certain goods to dif-

64a 279
66 142

64a 279
68 27

64a 279
69 177
69 230

64b 279
66 23
66 89

64b 279
67 416

64b 279
69 483

64 279
Case 2
70 270

64 279
Case 2
d72 128
72 136

64 279
Case 2
f74 245

ferent persons, among whom was the plaintiff, some of said mortgages being prior to that of the plaintiff; that on the above day the defendant Lord, a deputy sheriff, attached the mortgaged goods on three writs against Slack, and on March 14, 1885, sold the same in small lots to a great number of different purchasers, for sums amounting in all to $1,427.43; that the sale was made without consent of parties, and without a certificate of examiners, as required by law; that Lord paid to Welch, one of the prior mortgagees, $428.92, and to Carpenter, another of the prior mortgagees, $300, as the amounts due them on their several mortgage debts,—and the balance, $698.51, derived from the sale, is now in his hands, and he refuses, though requested, to pay the same over to the plaintiff. The prayer of the bill is, that Lord may account for all the mortgaged property attached by him at its full value, and that his fees and charges be disallowed; that an account be taken of the amount due to the mortgagees; that Lord pay to the mortgagees the sums, if any, which shall be found due upon the several mortgages in the order of their priority, and that the sums so paid may be held discharged of all said mortgages and attachments; and for further relief. To this there was a demurrer, assigning for cause that the plaintiff has a plain and adequate remedy at law. Demurrer overruled, and exceptions by the defendants.

*Sulloway, Topliff & O'Connor* and *Osgood & Prescott*, for the defendants. The bill shows that the plaintiff has a plain, adequate, practical, efficient, and prompt remedy at law; therefore none in equity. *Coe* v. *Lake Co.*, 37 N. H. 263, 264, 267; *Kimball* v. *Morrison*, 40 N. H. 128. The want of an adequate and complete remedy at law must be shown by the bill. *Woodman* v. *Saltonstall*, 7 Cush. 181; *Thayer* v. *Smith*, 9 Met. 470; *Law* v. *Thorndike*, 20 Pick. 317. The bill shows nothing necessary to be done but an assessment of damages. No irreparable mischief is threatened. *Spofford* v. *Railroad*, 66 Me. 51; *Gray* v. *Tyler*, 40 Wis. 579; *Graham* v. *Roberts*, 1 Head 56; *Thompson* v. *Manly*, 16 Ga. 440; *Lyday* v. *Douple*, 17 Md. 188; *Merrill* v. *Gorham*, 6 Cal. 41; *City of Peoria* v. *Kidder*, 26 Ill. 351; *Echols* v. *Hammond*, 30 Miss. 177; *Bassett* v. *Brown*, 100 Mass. 355; *Crooker* v. *Rogers*, 58 Me. 339. Where the bill alleges a wrongful conversion of goods, and the damages can be ascertained by a jury, the relief seems properly to belong to a court of law, and the court should decline to take jurisdiction on its equity side. 1 Story Eq. Jur., s. 72. "He has no right to come into a court of equity with a case of purely legal character unless for discovery in aid of an action at law, and if he comes seeking relief his bill should be dismissed." 1 Story Eq. Jur., s. 74. *Mitchell* v. *Green*, 10 Met. 108; *Pease* v. *Pease*, 8 Met. 398; *Fiske* v. *Slack*, 21 Pick. 367.

No ground for equitable jurisdiction is alleged, but on the contrary it clearly appears that none of the facts or conditions which

authorize the exercise of equity powers in restraining irreparable damage or mischief, suppressing interminable litigation, or preventing a multiplicity of suits, exist in this case. It is not a bill of discovery because it does not allege that any action is pending or is intended to be brought. It does not allege that any evidence is obtainable, or would be admissible in this proceeding, that would not be in a suit at law. It does not charge any fraud or concealment of property, but on the contrary it alleges that the defendant Lord took and sold it. It is not and cannot be sustained as a bill for an account; there is no allegation that mutual demands exist between the parties, or "accounts" of any kind. "It is a misnomer to call it a bill to account." *Walker* v. *Cheever*, 35 N. H. 348, is quite conclusive until overruled.

So far as a multiplicity of suits is concerned, the complaint shows that there will be no less issues to try in equity than at law, and precisely the same ones. All matters of fact and right should be determined by a jury. There is no trust here. A trust in an equitable sense means a reposing of confidence by one in another. What confidence does a man repose in a trespasser who forcibly takes and destroys his property?

In *Walker* v. *Walker*, 63 N. H. 328, *Doe*, C. J., said, referring to the various statutes authorizing chancery suits, that these acts were not intended to give a bill in equity to those who have a plain, adequate, and complete remedy at law. Equity jurisdiction without the right of jury trial is not to be extended by imaginary obstacles of procedure at law. *Owen* v. *Weston*, 63 N. H. 605.

*Burnham & Brown*, for the plaintiff. The bill presents four distinct grounds for jurisdiction in equity. It may be considered, in substance, as a bill for an account, for the redemption and foreclosure of mortgages, for the prevention of multiplicity of suits, and for the distribution of a trust fund. Not only must Lord account for the full value of all the property sold by him, but the defendant mortgagor and the defendant mortgagees must account together and with the plaintiff in order to determine the amount due upon each of the seven mortgage debts, or at all events upon the debts to the plaintiff and the prior mortgagees. Here are such mutual demands as may well form the basis of equitable jurisdiction in the matter of account. But, more than this, a discovery is wanted in aid of the account, and "is required by the frame of the bill." In such cases equity takes jurisdiction. *Walker* v. *Cheever*, 35 N. H. 339, 347; 1 Wait Act. & Def. 175, 176; 1 Story Eq. Jur., s. 459; Bisp. Eq., s. 484; Adams Eq. 220 *et seq.; Ludlow* v. *Simond*, 2 Cai. Cas. 1—*S. C.*, 2 Am. Dec. 291, 298.

It is not in the strictest sense a bill to redeem and foreclose, but it is just that in effect. The result would be precisely the same

as if the plaintiff had first redeemed the prior mortgages. and then sold the mortgaged property as prescribed by statute, retaining the proceeds to the extent of her own demands, and paying over the balance to the persons next entitled. This, then, is in substance a proceeding by a junior mortgagee to redeem the prior mortgages and foreclose her own. A plaintiff may proceed to redeem and foreclose by bill in equity, or may adopt other statutory methods, at his option. *Hall* v. *Hall*, 46 N. H. 240, 242; *Currier* v. *Webster*, 45 N. H. 226, 231; *Wendell* v. *Bank*, 9 N. H. 404, 417; *Gunnison* v. *Twitchel*, 38 N. H. 62, 65; *Lamprey* v. *Nudd*, 29 N. H. 299, 305. Prior to the statute of 1834, our court not possessing equity powers, there was no redemption of mortgaged chattels after forfeiture. That statute applies to personal as well as real estate mortgages. *Wendell* v. *Bank*, 9 N. H. 404, 420, 421. Since the Revised Statutes mortgagees of chattels have proceeded in equity (*Piper* v. *Hilliard*, 52 N. H. 209), and have obtained relief. *Pierce* v. *Emery*, 32 N. H. 484, 522. That the plaintiff has not paid the prior mortgages is not to her prejudice. It would be an idle ceremony to compel her to advance a sum of money in order to receive, not the mortgaged goods and chattels, but the same sum back again; to compel her to purchase mortgages that the court may decree the funds of the mortgagor, in the hands of the sheriff, to be paid to her rather than to the prior mortgagees themselves. This is the principle of *Woods* v. *Wallace*, 30 N. H. 384, 389; *Norris* v. *Morrison*, 45 N. H. 490, 500. In this case it is difficult to see how the plaintiff could redeem except in equity. Our statutes do not authorize her to demand, or enable her to compel, an account of the amounts due the prior mortgagees, as in case of mortgages of real estate; and it was just as impossible for the plaintiff to foreclose her mortgage by seizure and sale of the goods after they had been scattered by the sheriff's tortious acts. This bill should be allowed as being in the nature of a bill to redeem a prior and to foreclose a subsequent mortgage.

Under the prayer for general relief, the plaintiff, if the money in the sheriff's hands falls short of satisfying her debt, may have a decree against the mortgagor for the residue. *Bailey* v. *Burton*, 8 Wend. 339, 344; *Savage*, C. J., in support of Chancellor *Walworth's* decree; *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111, 114; *Hiern* v. *Mill*, 13 Ves. 114, 118; Story Eq. Pl., *ss.* 40, 41. The necessity of two suits at law, one against the sheriff and the other against the mortgagor, involving as a single issue the validity of the plaintiff's mortgage claim, is obviated by this suit in equity. More than that, a like number of suits in favor of each unpaid mortgagee, and the bill prays relief for all, may be thus avoided and prevented. Eight suits by four mortgagees of the same property, asking relief of the same nature, against the same sheriff and mortgagor, may be adjusted in this one. In this suit, also, the

three prior mortgage claims, which the sheriff attempted to adjust, may be adjudicated, as they must somewhere be adjudicated. It does not matter that one unpaid mortgagee is a party plaintiff and three are parties defendant. The latter may have decrees against their co-defendants, the sheriff and mortgagor. *Vanderveer* v. *Holcomb*, 17 N. J. Eq. 550; *Owings' Case*, 1 Bland Ch. 370—*S. C.*, 17 Am. Dec. 311, 341; *Chamley* v. *Dunsany*, 2 Sch. & Lef. 709, 718. The four unpaid mortgagees stand precisely the same as if they all were parties plaintiff to this bill. This bill, then, may be considered as in the nature of a bill of peace, to establish and enforce the rights of the unpaid mortgagees as a class, against the sheriff and mortgagor. The very purpose of such bills is to establish as well as to enforce a right. *Walker* v. *Cheever*, 35 N. H. 339, 351; *Board of Supervisors* v. *Deyoe*, 77 N. Y. 219, 222, 225; *Railroad* v. *Schuyler*, 17 N. Y. 592, 608; *Morgan* v. *Morgan*, 3 Stew. 383—*S. C.*, 21 Am. Dec. 638, 640; *Sheffield Waterworks* v. *Yeomans*, L. R. 2 Ch. 8; *Mayor of York* v. *Pilkington*, 1 Atk. 282. See *Perley*, C. J., in *Abbot* v. *Johnson*, 32 N. H. 9, 27, 28, 29, and authorities there cited and approved. Property under a power of sale mortgage is a trust fund. 2 Perry Tr., s. 602 *l.* Chattel mortgages in this state have a power of sale by statute. G. L., c. 137, s. 19. The seizure of this trust fund by the sheriff did not change its character. He must then hold the same as trustee for the *cestuis que trust*, one of whom this plaintiff is. This doctrine of a trust is particularly applicable when there are successive liens and encumbrances, and a court of equity will sustain a bill under its general equity jurisdiction over trusts. The following are cases of a distribution among the holders of successive encumbrances upon a bill in equity of such a trust fund arising from the sale of mortgaged chattels. *Dupuy* v. *Gibson*, 36 Ill. 197; *Hammers* v. *Dole*, 61 Ill. 307, 309;—see, also, *Bryan* v. *Robert*, 1 Strob. Eq. 334; Jones Chat. Mort., s. 779.

BLODGETT, J. The plaintiff's bill is a reasonably necessary process and convenient procedure for speedily and economically establishing her rights and furnishing their remedy, and as such may be maintained by her (*Webster* v. *Hall*, 60 N. H. 7; *Metcalf* v. *Gilmore*, 59 N. H. 417, 434); and apart from these considerations it cannot well be doubted that the bill presents other sufficient grounds for equitable jurisdiction. But although equity has jurisdiction, the validity of the plaintiff's mortgage on an issue of fraud is a question properly determinable at law; and the plaintiff may therefore file a declaration in trespass against the officer as an amendment of her bill. When that is tried and determined at law, there may be work of adjustment under the bill.

*Exception overruled.*

SMITH, J., did not sit: the others concurred.