Hillsborough, }
June 6, 1905. }

### CROCKETT *& a.* *v.* SIBLEY, *Adm'r, & a.*

A bill in equity is a proper proceeding to determine the validity of an equitable assignment among the heirs of a person deceased and the respective rights of parties claiming thereunder.

A contract relating to the disposition of the estate of a person deceased in case her will should be set aside is not void on grounds of public policy merely because one of the parties thereto is the executor, when it appears that he did not agree to favor a decree of invalidity and would not be pecuniarily benefited thereby.

It is not necessary that legatees having no interest in an estate after the annulment of a will should be made parties to a bill in equity praying for a distribution of the property in accordance with an agreement to which they are strangers.

BILL IN EQUITY, praying that the administrator *de bonis non* of the estate of Mary P. Sibley be directed to distribute the assets remaining in his hands upon a final settlement of his account, in conformity with certain agreements entered into by the heirs-at-law and the surviving husband of the deceased. Transferred from the May term, 1904, of the superior court by *Pike,* J.

December 26, 1901, Mary P. Sibley of Goffstown died leaving the plaintiffs, who are her heirs, and her husband, Abial W. Sibley, surviving. She left an estate valued at about $35,000, which she attempted to dispose of by a will in which her husband was named as executor; and upon probate of the will in common form he was appointed executor and assumed the trust. She bequeathed to him $2,000 and the use of a room in her house, and gave to Madjie B. Curtis, who had lived in the family, an interest in the estate valued at $4,175.30. June 19, 1902, upon proper proceedings in the probate court, the will was decreed to be invalid, and no appeal was taken from that order. Previous to that time the

plaintiffs and Abial, being desirous of expediting matters and of avoiding protracted litigation, and believing that the will would be set aside, executed certain instruments relating to the disposition of the property of the estate. The plaintiffs agreed in writing that, in case the will should be set aside, "after payment out of said estate to A. W. Sibley of ten thousand dollars" they would "pay said Madjie B. Curtis the sum of forty-one hundred seventy-five dollars and thirty cents, to be hers absolutely." By another writing, dated the same day as the foregoing, Abial agreed with the plaintiffs and with Madjie "to accept ten thousand dollars out of the estate of my said wife in full for all my claims and rights in said estate, and with this ten thousand dollars I am to pay" certain specified legacies in his wife's will and to expend a portion for other purposes desired by his wife. He also agreed, "in case I waive the provisions of my wife's will in my favor, . . . to make all necessary conveyance of real estate . . . so that" Madjie may enjoy "what was given her in the will." December 1, 1902, Abial died. A. Willard Sibley, one of the defendants, was appointed administrator of his estate, and the defendant Heard was appointed administrator *de bonis non* of the estate of Mary. A. Willard claims from Heard one half of the estate of Mary, as the full distributive share to which Abial, aside from the agreements hereinbefore mentioned, was entitled. Heard is in doubt as to who is entitled to Mary's estate. The question transferred is: What orders, if any, are the plaintiffs entitled to? A demurrer to the bill was overruled, subject to exception.

*Taggart, Tuttle, Burroughs & Wyman*, for the plaintiffs.

*Burnham, Brown, Jones & Warren*, and *E. Sargent Cox* and *Ralph W. Bartlett* (both of Massachusetts), for the defendants.

WALKER, J. The agreements set out in the case, although inartificially expressed, furnish clear evidence of the intention of the parties, which was to provide an amicable and speedy settlement of the estate. Together they constituted a single transaction, and each was a sufficient consideration for the other. Abial's agreement amounted to an equitable assignment to the heirs of his interest in the estate in excess of $10,000, in case the will should be set aside, in consideration of the heirs' agreement to pay Madjie the amount named in the legacy to her. *Peterborough Savings Bank v. Hartshorn*, 67 N. H. 156. When the will was subsequently set aside, these agreements became binding; but they are not finally enforceable until due administration has been had upon the estate. The claims of the parties are equitable, and while they remain unsatisfied they afford ample ground for the protection of a court

of equity. As the probate court has no jurisdiction to determine the validity of an equitable assignment among the heirs (*Gage* v. *Gage*, 29 N. H. 533; *Wood* v. *Stone*, 39 N. H. 572; 1 Woern. Admn., *s.* 151), a bill in equity "is a reasonably necessary process and convenient procedure for speedily and economically establishing" the rights of the parties. *Tasker* v. *Lord*, 64 N. H. 279; Bisp. Eq., *s.* 162, *et seq.*

It is argued by the defendants that Abial's contract is void because he was the executor of his wife's will and could not, on grounds of public policy, agree to the setting aside of the will. But the agreements do not show that he was to neglect or omit any duty incumbent upon him as executor in connection with the probating of the will. The setting aside of the will, although expected by all parties, was merely an event upon the happening of which the contract took effect. Abial did not agree that the will should be set aside, or even that he would favor such a decree in the probate court. In fact, one part of his agreement contemplated a decree sustaining the will. Moreover, it appears that there was no pecuniary inducement for him to desire a decree disallowing the will. As the surviving husband of the testatrix, he was entitled, upon waiving the provisions of the will in his favor, to one half of the estate. P. S., *c.* 195, *s.* 12. No principle of public policy was violated by the agreements of the parties, and the defendants claiming through Abial are bound thereby.

The fact that Abial assumed the payment of certain sums of money to certain third parties, none of whom after the will was annulled had any interest in the estate or were parties in fact to the settlement, does not make it necessary that they should be parties to this bill, which relates to the final disposition of the estate in the hands of the administrator, Heard. His payment of the $10,000 to Abial's administrator will relieve him of all liability therefor under the existing state of facts.

As it is not controverted that the will was set aside upon a hearing in the probate court, of which it is to be presumed all parties in interest were duly notified, that fact, if it is not sufficiently alleged in the bill, may be incorporated therein by an amendment. The demurrer to the bill was properly overruled. The plaintiffs are entitled to an order directing Heard, the administrator of the estate of the testatrix, not to pay over to the administrator of the estate of Abial an amount in excess of $10,000. Upon the final settlement of the testatrix's estate, the probate court will make a decree of distribution in accordance with the views herein expressed. *Wood* v. *Stone*, 39 N. H. 572, 574.

*Case discharged.*

All concurred.