Merrimack, }
Dec. 6, 1932. }

EMILY B. POCKETT, *Ap't v.* JAMES F. FARLEY, *Adm'r.*

Transferred without ruling by *Scammon, J.*

*Francis W. Johnston*, by brief, for the appellant.

*Barton & Shulins*, for the appellee, furnished no brief.

ALLEN, J. The federal legislation shows no interest in the disposal of the payment after the insured's estate receives it, and no implication is to be found therein that those who would inherit if he were assumed not to have died until the payment are entitled to it.

It is consistent that the beneficiary of the monthly payments should be an heir of the insured, and it is not unreasonable that if the beneficiary's death terminates them, the latter's estate through inheritance may receive or share in the remaining value of the insurance. That the insurance was subject to the beneficiary's rights to the monthly payments while she lived did not operate to defeat such rights as the heirs of the insured had in it, although the beneficiary was one of the heirs and although her death was necessary to give the estate of the insured the right to payment of its value upon her death.

Authority to this effect is practically unanimous. The cases are cited in 55 A. L. R. 596 and in 73 A. L. R. 336.

Since the federal act is silent as to the distribution of the fund after its payment to the insured's estate and since he died intestate, the local statute of inheritance (P. L., *c.* 307, *s.* 1, II; *s.* 6) making the father and mother equal heirs controls.

While the appellant is not an heir of the soldier, she inherits from her mother, and hence had the right to appeal. P. L., *c.* 311, *s.* 1; *Bryant* v. *Allen*, 6 N. H. 116. The probate court may decree distribution only to the heirs or their representatives. *Wood* v. *Stone*, 39 N. H. 572; *Crockett* v. *Sibley*, 73 N. H. 322. Those in interest may validly settle an estate without the intervention of an administrator so as to bind all who consent to the settlement. *Stevens* v. *Meserve*, 73 N. H. 293, 298, and cases cited. But the court has no jurisdiction to adopt and confirm such a settlement. It follows that in any distribution of the fund one-half of it should be decreed to be paid to the administrator of the mother's estate when appointed.

*Appeal sustained.*

All concurred.