Hillsborough, } No. 3568.
Feb. 5, 1946. }

FRANK B. CLANCY, *Adm'r w.w.a. of*

ESTATE OF JAMES E. HUNTEE, *Appellee*

*v.*

MARGARET E. GAY AND CATHERINE M. PIKE, *Appellants.*

*Arthur J. Reinhart* (by brief), for the appellants.

*Ivory C. Eaton* (by brief and orally), for the appellee.

PER CURIAM. The appeal was properly dismissed for two funda-
mental reasons, either one of which is sufficient to sustain the Court's
order.

1. Since the will of James E. Huntee bequeathed all his property
to his wife, the decree ordering payment to her legal representative
was the only one which the Judge of Probate could lawfully make.
"The personal estate bequeathed by a testator shall be distributed by
decree of the judge according to the will." R. L., c. 360, s. 7.

2. The appellants have no interest in the estate of James E. Huntee
which entitles them to claim an appeal. "Any person aggrieved by a
decree, order, appointment, grant or denial of a judge, which may
conclude his interest and which is not strictly interlocutory, may
appeal therefrom to the superior court at the term next to be holden
for the county." R. L., c. 365, s. 1.

The appellants claim as the heirs of Agnes E. Huntee. Their
rights, like those of all her other heirs, must be secured through her
personal representative duly appointed by the Probate Court. That
representative is Harriett G. Howard who, in her representative
capacity, is the only person charged with the duty of asserting the
"interest" of Agnes E. Huntee in her husband's estate, and the only
person authorized to appeal from orders affecting that interest. In
this respect the present case differs from *Pockett* v. *Farley*, 86 N. H.
79, where no administrator of the deceased had been appointed. The
decree in question, which merely ordered payment to Harriett G.
Howard as administratrix, did not "conclude" the interests of the
appellants, since their rights against the estate of Agnes were unaf-
fected thereby. On the contrary, it was a usual and necessary step
in the process of transferring the property of James to the estate
of his wife for the benefit of her heirs. Under the above section of the
statute they were not entitled to appeal therefrom.

If the appellants wished to contest the fitness of the administratrix
to execute her trust, their remedy was not to raise the question in a
proceeding in the estate of James, but to petition the Probate Court
to revoke the administration in the estate of Agnes under R. L., c.
352, s. 10.

*Exceptions overruled.*